[841 NYS2d 779]

In the Matter of FRANCIS K. DECKER (Admitted as FRANCIS KEIL DECKER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 27, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Davidoff Law Firm, P.L.L.C. (Jonathan Marc Davidoff* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on December 16, 1963 under the name Francis Keil Decker. At all times relevant herein, respondent maintained an office for the practice of law within this Department.

The Disciplinary Committee asks this Court to accept respondent's resignation from the practice of law and to strike his name from the roll of attorneys pursuant to 22 NYCRR 603.11. The Committee is satisfied that respondent's affidavit of resignation, sworn to May 22, 2007, conforms to the requirements set forth in 22 NYCRR 603.11 in that his resignation is voluntary, free from coercion or duress, and he is fully aware of the implications of submitting his resignation.

In his affidavit of resignation respondent states that in 2004, he retired from a law firm where he was a partner, that he notified the Office of Court Administration of his retirement, and he has not practiced law since then nor does he have any clients. On January 5, 2007, pursuant to a plea agreement with the New York County District Attorney's Office, respondent pleaded guilty to two counts of a complaint filed in Criminal Court of the City of New York, New York County, that charged him with failure to file New York City or State tax returns for the tax years 2003 and 2004 in violation of Tax Law § 1801 (a), a class A misdemeanor. The plea agreement revealed that a grand jury had been investigating respondent's failure to file New York State and City resident income tax returns for the tax years 1999 through 2005.

On April 11, 2007, respondent was sentenced to 45 days of incarceration on each count, to run concurrently, and a conditional discharge on the count pertaining to tax year 2003. Respondent was also required to pay a total fine of $20,000, to make restitution in the amount of $1,499,757 to the New York State Department of Taxation and Finance, and to show proof that he was in compliance with his 2006 and estimated 2007 taxes. Respondent states that he has complied with all of the terms and conditions of the plea agreement.

In addition, respondent avers that he voluntarily notified the Disciplinary Committee of the criminal charges filed against

him and admits that he did not file state or city income taxes for the taxable years 1999 through 2005. Respondent acknowledges that he cannot successfully defend himself on the merits against the charges that he failed to file state and city income taxes for past years, which is the basis of the disciplinary complaint. He states—"I feel that at this point in my life and career, it would be better if I resigned from the practice of law in the State of New York."

Finally, respondent's attorney has submitted a response dated June 20, 2007, wherein he requests, among other things, that this Court accept respondent's resignation.

Accordingly, inasmuch as respondent's affidavit of resignation from the practice of law satisfies the criteria of 22 NYCRR 603.11, the Committee's motion to accept respondent's resignation should be granted and his name stricken from the roll of attorneys, effective nunc pro tunc to May 22, 2007, the date of his affidavit of resignation.

TOM, J.P., MAZZARELLI, ANDRIAS, WILLIAMS and BUCKLEY, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to May 22, 2007.